# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **HOPEWELL CULTURE & DESIGN LLC,** | |
| **Plaintiff,** | |
| V. | **CASE NO. 2:12-CV-691** |
| **BARNES & NOBLE, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hopewell Culture & Design LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Barnes & Noble, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent No. 7,171,625 ("the '625 patent") entitled "Double-Clicking a Point-and-Click Interface Apparatus to Enable a New Interaction with Content Represented by an Active Visual Display Element". A true and correct copy of the '625 Patent is attached hereto as Exhibit A. Plaintiff is the exclusive licensee of the '625 patent. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas. Plaintiff maintains its principal place of business at 101 East Park Blvd, Suite 600, Plano, Texas 75074. Plaintiff is authorized to do business in Texas. Plaintiff is the exclusive licensee of the '625 patent with respect to the Defendant, and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a corporation organized and existing under the laws of Delaware, having a principal place of business at 122 Fifth Avenue Fl. 2, New York, New York 10011-5693. Barnes & Noble is registered to do business in Texas and can be served with process through its registered agent, Capitol Corporate Services, Inc. 1675 S. State St. Ste. B, Dover, DE 19901.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each

use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. The '625 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2007 after full and fair examination. Plaintiff is the exclusive licensee of the '625 patent with respect to the Defendant, and possesses all rights of recovery under the '625 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

9. Upon information and belief, Defendant Barnes & Noble has infringed and continues to infringe one or more claims of the '625 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, mobile devices, including the Nook Tablet, having software allowing a user to double click or double tap a visual element representing interactive content and interact with a second version of the interactive content.

10. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.   An adjudication that one or more claims of the '625 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.   An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.   That the Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.   That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

E.   Any further relief that this Court deems just and proper.

Dated: October 27, 2012

        Respectfully submitted,

        By: */s/ Austin Hansley*
        **AUSTIN HANSLEY LAW FIRM**
        Austin L. Hansley
        Texas Bar No.: 24073081
        5050 Quorum Dr. Suite 700
        Dallas, Texas 75254
        Telephone:    (469) 587-9776
        Facsimile:    (855) 347-6329
        www.TheTexasLawOffice.com
        **ATTORNEY FOR PLAINTIFF**
        **HOPEWELL CULTURE & DESIGN, LLC**